# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **SUE J. CURRENT,** | CASE NO: CV05-171-N-EJL |
| **Petitioner,** | **MEMORANDUM ORDER** |
| vs. | |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,** | |
| **Respondent.** | |

Currently pending before the Court is Petitioner Sue J. Current's Petition for Review, which was filed pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of Respondent denying her claim for disability insurance benefits under Title II, 42 U.S.C. §§ 401-33. This matter was referred to a magistrate judge. The referral is hereby withdrawn and the Petition for Review shall be decided by this Court.

## ADMINISTRATIVE PROCEEDINGS

Petitioner Current applied for disability insurance benefits on September 11, 2002. Her claims were denied both initially and upon reconsideration. Thereafter two hearings were held before an Administrative Law Judge (ALJ) on August 24, 2004, and December 7, 2004. Four people testified at those hearings: Current; Allen Bostwick, Ph.D., medical expert; Daniel Girzadas, M.D., medical expert; and Tom Moreland, vocational expert.

Following the hearing, the ALJ determined that the objective medical evidence established that Current suffers from a severe impairment, specifically cervical spondylosis and secondary myofascial pain syndrome. (Tr. 18). But the ALJ determined those impairments do not, either individually or in combination, meet or equal the listing of impairments in Appendix 1, Part A, Subpart P, Regulations No. 4. (Tr. 19). The ALJ also determined that Current is and has been capable of performing a wide and substantial range of "light" and "sedentary" level work activities. (Tr. 19). The ALJ determined that: at two hour intervals and with normal breaks, Current has a lifting capacity of 20 pounds occasionally and 10 pounds more frequently; and at least six hours sitting, walking, and standing capacity. (Tr. 19). The limitations caused by her cervical complaints included only occasional stooping, crouching, crawling, kneeling; and no work requiring overhead activities, heavy or vibrating tools, or unprotected heights. (Tr. 19).

Because of these limitations, the ALJ concluded that Current was not capable of performing her past relevant work as a postal worker. (Tr. 19). However based on her age, education, and work experience, the ALJ held that her impairment was a "non-disability" according to the Medical-Vocational Rules 202.11-15 for light work of Appendix 2, Subpart P, Regulations No. 4. (Tr. 20). And using the Medical-Vocational Guidelines as a framework, the ALJ concluded that there a significant number of jobs in the national economy that Current could perform, specifically as an assembler, cashier, ticket seller, or usher. (Tr. 20). Consequently the ALJ held that Current has not been under a "disability" as defined by the Social Security Act. (Tr. 20). The Appeals Council declined Current's request for review on March 30, 2005, making the ALJ's decision the final decision of the Commissioner. (Tr. 5–7); 20 C.F.R. § 404.981, 416.1481.

## BACKGROUND

At the time of the ALJ's decision on January 3, 2005, Current was 50 years old. (Tr. 13). She has her general equivalency diploma (GED) and past relevant work as a mail handler. (Tr. 13). She last worked in August 2002. (Tr. 13).

## STANDARD OF REVIEW

The burden of proof rests upon Petitioner to establish entitlement to disability benefits. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971). The standard of review is whether the decision of the Commissioner is supported by substantial evidence and is based on proper legal standards. 42 U.S.C. § 405(g); Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992); Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Vidal v. Harris, 637 F.2d 710 (9th Cir. 1981). In other words, if there is substantial evidence to support the decision of the ALJ, that decision must be upheld even when there is conflicting evidence. Hall v. Secretary of Health, Education and Welfare, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Flaten v. Secretary of Health & Human Serv., 44 F.3d 1453 (9th Cir. 1995); Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The standard requires more than a scintilla but less than a preponderance, Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989); Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), and "does not mean a large or considerable amount of evidence." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988).

With respect to questions of fact, the Court's role is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusion of the ALJ. Richardson, 402 U.S. at 401. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir. 1984), and drawing inferences logically flowing from the evidence. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. Flaten, 44 F.3d at 1457; Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. Matney, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." Smith v. Heckler, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing federal courts must bear in mind that the Social Security Act is remedial in nature and should be construed liberally and "not so as to withhold benefits in marginal cases." Id. at 1095.

## DISCUSSION

The issue presented in this appeal is whether the ALJ's finding that Current was not disabled is supported by substantial evidence and whether it is based on the application of the proper legal standards. Current claims that the ALJ erred in concluding that she was capable of performing light and sedentary work. Current argues that based on her lifting limitations, her abilities do not fall within the Dictionary of Occupational Titles (DOT) definition of light or sedentary work.

MEMORANDUM ORDER-Page 4
06Orders\CURRENT

In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part, sequential process in determining whether a person is disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.920.

### A. Step One

The first step is a consideration of the claimant's work activity. If a claimant is currently doing substantial gainful activity, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(i). In this situation, the ALJ found that Current has not performed substantial gainful activity since 2002. (Tr. 13). This conclusion is not in dispute.

### B. Step Two

The second step requires the ALJ to determine whether the claimant has a medically severe impairment. 20 C.F.R. § 416.920(a)(4)(ii). This impairment must be expected to result in death or it must have lasted for a continuous period of at least twelve months. 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii). The ALJ concluded that Current's cervical spondylosis and secondary myofascial pain syndrome constitute severe medical impairments that have lasted continuously for more than twelve months. (Tr. 18). This conclusion is not in dispute.

### C. Step Three

The third step requires the ALJ to further consider the medical severity of the claimant's impairments to determine if they meet or equal one of the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment meets or equals one of those listed impairments, the claimant is disabled. § 416.920(a)(4)(iii). The ALJ concluded that the evidence did not support a finding that Current has a medical condition that meets or equals any of those impairments. (Tr. 19). The ALJ's conclusion in this respect is not in dispute.

### D. Step Four

For the fourth step, the ALJ must first determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 416.920(e). This assessment is made based on the relevant medical and other evidence in the record. § 416.920(e). To help determine what type of work a claimant can perform, jobs are classified as sedentary, light, medium, heavy, or very heavy. 20 C.F.R. § 404.1567. Here, the ALJ concluded that Current had the RFC to perform a wide and substantial range of light and sedentary level work activities. (Tr. 19). Current disputes this conclusion arguing that her reaching and lifting limitations do not meet the definition of light and sedentary work.

After determining the RFC, the ALJ examines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). Based on Current's testimony regarding the pain she suffered while performing her past relevant work as a postal worker, the ALJ concluded that she was not able to perform her past relevant work. (Tr. 17, 307–09, 342). Both parties agree with this conclusion.

### E. Step Five

For the fifth step, the ALJ determines if the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. § 416.920. The burden here is on the Commissioner to show that the claimant is capable of performing other such work. Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).

The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines (the "grids") at 20 C.F.R. Part 404, Subpart P, Appendix 2. Id. The grids contain a series of rules which direct a conclusion of either disabled or not disabled depending on the claimant's RFC and vocational profile. 20 C.F.R. § 416.920. In using the

grids, the ALJ takes the RFC already determined in step four along with information regarding the claimant's age, education, and work experience to determine if the claimant is disabled. Id. As stated above, the ALJ concluded that Current is capable of performing a wide and substantial range of light and sedentary work. Applying that determination and the other factors, the grids indicate that Current is not disabled. (Tr. 19).

Current claims that the ALJ's decision that she was not disabled was in error because she cannot perform light or sedentary work due to her limitations not accounted for in the defintions of light or sedentary work. This claim is based on the fact that Current maintains she cannot perform all of the activities listed within the definition of either light or sedentary work, namely that she cannot lift or reach above her head and she cannot reach more than 18 inches away from her body.

Here, the ALJ classified Current as being capable of a wide and substantial range of light work because her ability to perform light work was not significantly compromised by her other limitations not accounted for in the definitions. (Tr.19). This Court finds that the light and sedentary work classification was not erroneous. The ALJ considered both the testimony of the medical expert at the hearing and the assessments of the state agency medical consultants. (Tr. 14, 15). These experts agreed that Current was capable of occasionally lifting 20 pounds and frequently lifting 10 pounds from the floor to her waist, but she is limited to occasional lifting from her waist to shoulder height and cannot reach or lift overhead. (Tr. 300). The definition for light work includes exerting up to 20 pounds of force occasionally and up to 10 pounds frequently to lift, carry, push, pull, or otherwise move objects. Current argues she does not meet the light work lift or carry requirements because those requirements could involve lifting something overhead or frequently lifting from waist to

shoulder.[1] The ALJ concluded that these lifting limitations were not substantial enough to compromise Current's ability to perform a wide and substantial range of light and sedentary work. This Court will not disturb the ALJ's conclusion unless it lacks substantial evidence or is unreasonable. Richardson, 402 U.S. at 401. Based on the variety of jobs within the light and sedentary work categories and Current's ability to perform most of the tasks within the light work definition, this Court finds the ALJ's conclusion was reasonable and supported by substantial evidence

Even if the ALJ was incorrect with his classification of Current being able to perform light work, his decision that Current is able perform other work and is therefore not disabled is still supported by the testimony of the vocational expert. In determining whether Current is capable of other work, the ALJ can solely rely on the grids if they accurately and completely describe the claimant's abilities and limitations. Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985). If the grids do not factor in all of the necessary limitations, the ALJ should call a vocational expert who can more accurately determine what jobs are available with those limitations. Id. Where a vocational expert is used in conjunction with the grids, the grids are simply a frame of reference for what jobs might be available to the claimant. 20 C.F.R. Part 404, Subpart P, Appendix 2, 200.00(d).

If a vocational expert testifies, he or she can opine as to what jobs the claimant would be able to do and the availability of those jobs in the national economy. Tackett, 780 F.3d at 1101. At a hearing, the ALJ should set out hypotheticals that incorporate all of the limitations of the claimant and the vocational expert should translate those factual scenarios into realistic job market probabilities. Id. Then the ALJ can determine if the number of jobs the vocational expert gives is significant. Martinez v. Heckler, 807 F.2d 771 (9th Cir. 1986).

---

[1] Current also argues that she would be incapable of pushing or pulling because of her reach restrictions. A review of the record indicates that this claim was not presented to the ALJ. Regardless the claim is not supported because all of the experts stated that her ability to push and pull is unlimited. (Tr. 199, 298).

MEMORANDUM ORDER-Page 8
06Orders\CURRENT

As set forth in Heckler, if Current's limitations are not properly accounted for in the grids, the ALJ can use a vocational expert to determine if a significant number of jobs are available. Here, the ALJ did just that. The ALJ did not rely only on the grids; instead he used them as a guideline along with testimony of the vocational expert, Tom Moreland, to determine if there is other work available for Current. (Tr. 20, 340–46). When questioning Moreland, the ALJ followed the procedure explained in Tackett by setting out all of Current's limitations in a hypothetical and asked what jobs would be available to her. (Tr. 341–43). With all of her limitations, Moreland testified that there were at least four different types of jobs she would be able to perform: assembler, usher, cashier, and ticket seller. (Tr. 20, 345–47). These four classifications of jobs amounted to over two million jobs nationwide. (Tr. 245–46). This testimony provided substantial evidence to support the ALJ's conclusion that Current is capable of other work that is available in significant numbers in the national economy and therefore not disabled. (Tr. 19).

Based on the ALJ's use of the grid as a framework and the questioning of the vocational expert, along with the medical records, the Court finds the ALJ's conclusion that Current was not disabled is supported by substantial evidence and based on the proper legal standards.

## ORDER

**IT IS HEREBY ORDERED** based on the foregoing, the Petition for Review (Docket No. 1) is **DENIED** and the Commissioner of Social Security's decision is **AFFIRMED**.

DATED: **June 20, 2006**

_____
Honorable Edward J. Lodge

                                             U. S. District Judge

MEMORANDUM ORDER-Page 10
06Orders\CURRENT